USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/25/19

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

DENNIS WILSON, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

LSB INDUSTRIES, INC., JACK E. GOLSEN, BARRY H. GOLSEN, MARK T. BEHRMAN, TONY M. SHELBY, and HAROLD L. RIEKER, JR.

Defendants.

Case No. 1:15-cv-07614-RA-GWG

### ~~[PROPOSED]~~ ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, a class action is pending in this Court entitled *Wilson v. LSB Industries, Inc. et al.*, Case No. 1:15-cv-07614 (the "Action");

WHEREAS, (a) Lead Plaintiff Dennis Wilson and Named Plaintiff Camelot Event Driven Fund ("Plaintiffs"), on behalf of themselves and the Settlement Class (defined below); and (b) LSB Industries, Inc. ("LSB") and Barry H. Golsen, Mark T. Behrman, Tony M. Shelby, Harold L. Rieker, Jr., and Jack Golsen (collectively, the "Individual Defendants," and, together with LSB, the "Defendants") (and together with Plaintiffs, the "Parties") have determined to settle all claims asserted against Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated January 17, 2019 (the "Stipulation") subject to approval of this Court (the "Settlement");

WHEREAS, Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with

456509.1 LSB

the Stipulation, certifying the Settlement Class for purposes of the Settlement only, and allowing notice to Settlement Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Plaintiffs' motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.      **Class Certification for Settlement Purposes** – Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the proposed Settlement, a Settlement Class consisting of all persons or entities that purchased or otherwise acquired LSB Common Stock or LSB Call Options, or sold LSB Put Options between November 7, 2014 and November 5, 2015, inclusive (the "Class Period"), and were damaged thereby. Excluded from the Settlement Class are Defendants; the officers and directors of the Company, at all relevant times; members of Defendants' Immediate Families and their legal representatives, heirs, successors, or assigns; and any entity in which any of the Defendants have or had a controlling interest. Also excluded from the Settlement Class are any persons and entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

2.      **Class Findings** – Solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are

questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3.      The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Plaintiffs are adequate class representatives and certifies them as Class Representatives for the Settlement Class.  The Court also appoints Lead Counsel as Class Counsel for the Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4.      **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

5.      **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on June 28, 2019 at 10:00 a.m. in Courtroom 1506 of the United States Courthouse, Southern District of New York, 40 Foley Square, New York, NY 10007, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Settlement Class, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine

whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement.  Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in paragraph 7 of this Order.

6.     The Court may adjourn the Settlement Hearing without further notice to the Settlement Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.

7.     <u>**Retention of Claims Administrator and Manner of Giving Notice**</u> – Lead Counsel is hereby authorized to retain JND Legal Administration (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below.  Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

(a)     within ten (10) business days of the date of entry of this Order, LSB shall provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator) its security holder lists (consisting of names and addresses) for the LSB Securities during the Settlement Class Period;

(b)     not later than twenty (20) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Postcard Notice, substantially in the form attached hereto as Exhibit 4, to be mailed by first-class mail to potential Settlement Class Members at the addresses set forth in the records provided by LSB or in the records which LSB caused to be provided, or who otherwise may be identified through further reasonable effort;

(c)     contemporaneously with the mailing of the Postcard Notice, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded;

(d)     not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in *Investor's Business Daily* and to be transmitted once over the *PR Newswire*; and

(e)     not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

8.     **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Claim Form, the Summary Notice, and the Postcard Notice attached hereto as Exhibits 1, 2, 3, and 4, respectively, and (b) finds that the mailing and distribution of the Postcard Notice, the posting of the Notice and Claim Form online, and the publication of the Summary Notice in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes

due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Postcard Notice, Notice, and Summary Notice before they are mailed, posted online, and published, respectively.

9.     **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired LSB Securities during the Settlement Class Period for the benefit of another person or entity shall (a) within seven (7) calendar days of receipt of the Postcard Notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Postcard Notice, send a list of the names and addresses of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail the Postcard Notice to such beneficial owners. Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order, up to a maximum of $0.50 per notice, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

10.     **Participation in the Settlement** – Settlement Class Members who wish to

participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked no later than one hundred twenty (120) calendar days after the Notice Date. Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the Settlement.

11.     Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

12.     Any Settlement Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her or its right to share in the Net Settlement Fund; (b) shall be forever barred from

participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 10 above.

13.     **Exclusion From the Settlement Class** – Any member of the Settlement Class who wishes to exclude himself, herself or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to: *Wilson v. LSB Industries, Inc. et al.*, EXCLUSIONS, c/o JND Legal Administration, P.O. Box 91236, Seattle, WA 98111-9336, and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *Wilson v. LSB Industries, Inc. et al.*, Case No. 1:15-cv-07614"; (iii) state the number of LSB Securities that the person or entity requesting exclusion purchased/acquired and/or sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and/or sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the required information and is received within the

time stated above, or is otherwise accepted by the Court.

14.     Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action and shall not receive any payment out of the Net Settlement Fund.

15.     Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders and judgments in the Action, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees, as more fully described in the Stipulation and Notice.

16.     <u>**Appearance and Objections at Settlement Hearing**</u> – Any Settlement Class Member who does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 17 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. Any Settlement Class Member who does not enter an appearance

will be represented by Lead Counsel.

17.     Any Settlement Class Member who does not request exclusion from the
Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of
Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of
Litigation Expenses and appear and show cause, if he, she or it has any cause, why the proposed
Settlement, the proposed Plan of Allocation and/or Lead Counsel's motion for attorneys' fees
and reimbursement of Litigation Expenses should not be approved; *provided, however*, that no
Settlement Class Member shall be heard or entitled to contest the approval of the terms and
conditions of the proposed Settlement, the proposed Plan of Allocation and/or the motion for
attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a
written objection with the Court and served copies of such objection on Lead Counsel and
Defendants' Counsel at the addresses set forth below such that they are received no later than
twenty-one (21) calendar days prior to the Settlement Hearing.

| **Lead Counsel** | **Defendants' Counsel** |
|---|---|
| GLANCY PRONGAY & MURRAY LLP | DECHERT, LLP |
| Casey E. Sadler, Esq. | David Kistenbroker, Esq. |
| 1925 Century Park East, Suite 2100 | 35 West Wacker Drive, Suite 3400 |
| Los Angeles, CA 90067 | Chicago, Illinois 60601 |

18.     Any objections, filings and other submissions by the objecting Settlement
Class Member: (a) must state the name, address, and telephone number of the person or entity
objecting and must be signed by the objector; (b) must contain a statement of the Settlement
Class Member's objection or objections, and the specific reasons for each objection, including
any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's
attention; and (c) must include documents sufficient to prove membership in the Settlement
Class, including the number of each of the LSB Securities that the objecting Settlement Class

Member purchased/acquired and/or sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale. Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

19.    Any Settlement Class Member who or which does not make his, her or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

20.    **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Plaintiffs, and all other members of the Settlement Class, from commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees.

21.    **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

22.    **Settlement Fund** – The contents of the Settlement Fund held by The Huntington National Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

23.    **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

24.    **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members and Defendants, and the Parties shall revert to their respective positions in the Action as of October 10, 2018, as provided in the Stipulation.

25.    **Use of this Order** – Neither this Order, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Defendants'

Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

26.   **Supporting Papers** – Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the Plan of Allocation, and Lead Counsel's motion for an

award of attorneys' fees and reimbursement of Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

27.     The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this _25th_ day of _February_, 201_9_.

_____
The Honorable Ronnie Abrams
United States District Judge

The Court notes that litigation expenses cannot properly be awarded where counsel gives the Court "no information" upon which to judge the expenses' necessity or relevance to the representation. *See In re Facebook, Inc. IPO Sec. & Deriv. Litig.*, 2015 WL 6971424, at *12 (S.D.N.Y. Nov. 9, 2015). Here, counsel states that it may seek litigation expenses "in an amount not exceed $1,450,000," i.e., approximately 7.9% of the settlement. Counsel shall provide detailed records in support of any expenses requested with their motion for final approval.

# EXHIBIT A-1

**Exhibit A-1**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DENNIS WILSON, Individually and on Behalf of All Others Similarly Situated,<br><br>                                    Plaintiff,<br><br>               v.<br><br>LSB INDUSTRIES, INC., JACK E. GOLSEN, BARRY H. GOLSEN, MARK T. BEHRMAN, TONY M. SHELBY, and HAROLD L. RIEKER, JR.<br><br>                                    Defendants. | Case No. 1:15-cv-07614-RA-GWG |

**NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

NOTICE OF PENDENCY OF CLASS ACTION:  Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Southern District of New York (the "Court"), if, during the period between November 7, 2014 and November 5, 2015, inclusive (the "Settlement Class Period"), you purchased or otherwise acquired LSB Common Stock or LSB Call Options, or sold LSB Put Options and were damaged thereby.[1]

NOTICE OF SETTLEMENT:  Please also be advised that the Court-appointed Lead Plaintiff Dennis Wilson and Named Plaintiff Camelot Event Driven Fund ("Plaintiffs"), on behalf of themselves and the Settlement Class (as defined in ¶ 29 below), have reached a proposed settlement of the Action for $18,450,000 in cash that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

---

[1]  All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated January 17, 2019 (the "Stipulation"), which is available at www.LSBSecuritiesLitigation.com.

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact LSB, any other Defendants in the Action, or their counsel.  All questions should be directed to Lead Counsel or the Claims Administrator (see ¶ 99 below).**

1. **Description of the Action and the Settlement Class**:  This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that defendants LSB Industries, Inc. ("LSB") and Barry H. Golsen, Mark T. Behrman, Tony M. Shelby, Harold L. Rieker, Jr., and Jack Golsen (collectively, the "Individual Defendants," and, together with LSB, the "Defendants") violated the federal securities laws by making false and misleading statements regarding LSB. A more detailed description of the Action is set forth in paragraphs 11-28 below.  The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined in paragraph 29 below.

2. **Statement of the Settlement Class's Recovery**:  Subject to Court approval, Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the Action in exchange for a settlement payment of $18,450,000 in cash (the "Settlement Amount") to be deposited into an escrow account.  The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, and (d) any attorneys' fees awarded by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class.  The proposed plan of allocation (the "Plan of Allocation") is set forth on pages [13-23] below.

3. **Estimate of Average Amount of Recovery Per Share**:  Based on Plaintiffs' damages expert's estimates of the number of LSB stock purchased during the Settlement Class Period that may have been affected by the conduct at issue in the Action and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) per share of LSB common stock is $1.48.[2]  Settlement Class Members should note, however, that the foregoing average recovery per share is only an estimate.  Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, which LSB Securities they purchased, when and at what prices they purchased/acquired/wrote options or sold or executed their LSB Securities, and the total number of valid Claim Forms submitted. Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein (*see* pages [13-23] below) or such other plan of allocation as may be ordered by the Court.

4. **Average Amount of Damages Per Share**:  The Parties do not agree on the average amount of damages per share or note that would be recoverable if Plaintiffs were to prevail in the Action.  Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of their conduct.

---

[2]  Due to the large amount of options that are covered by the settlement, the complexity of determining the amount of recognized loss per different options at points in time and that most of damages at issue stem from common stock transactions, the Notice only contains estimated recovery amounts per share of common stock.

5.   **Attorneys' Fees and Expenses Sought:** Lead Counsel, which have been prosecuting the Action on a wholly contingent basis since its inception in 2015, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action. Court-appointed Lead Counsel, Glancy Prongay & Murray LLP, will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 33 1/3% of the Settlement Fund. In addition, Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution and resolution of the claims against the Defendants, in an amount not to exceed $1,450,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Class. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses. Estimates of the average cost per affected share of LSB stock, if the Court approves Lead Counsel's fee and expense application, is $0.61 per share.

6.   **Identification of Attorneys' Representatives:** Plaintiffs and the Settlement Class are represented by Casey E. Sadler, Esq. of Glancy Prongay & Murray LLP, 1925 Century Park East, Suite 2100, Los Angeles, CA 90067, (888) 773-9224, settlements@glancylaw.com.

7.   **Reasons for the Settlement:** Plaintiffs' principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation. Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after contested motions, a trial of the Action and the likely appeals that would follow a trial. This process could be expected to last several years. Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden and expense of further protracted litigation. Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN _____, 201_.** | This is the only way to be eligible to receive a payment from the Settlement Fund. If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 38 below) that you have against Defendants and the other Defendants' Releasees (defined in ¶ 39 below), so it is in your interest to submit a Claim Form. |

| | |
|---|---|
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS _RECEIVED_ NO LATER THAN _____, 201_.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Defendants' Releasees concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS _RECEIVED_ NO LATER THAN _____, 201_.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **GO TO A HEARING ON _____, 201_ AT _:_ .M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS _RECEIVED_ NO LATER THAN _____, 201_.** | Filing a written objection and notice of intention to appear by _____, 201_ allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

## WHAT THIS NOTICE CONTAINS

Why Did I Get The Postcard Notice? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [5]
What Is This Case About? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [5-6]
How Do I Know If I Am Affected By The Settlement?  Who Is Included
   In The Settlement Class? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [8]
What Are Plaintiffs' Reasons For The Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . Page [8-9]
What Might Happen If There Were No Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . Page [9]
How Are Settlement Class Members Affected By The Action And
   The Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [9-11]
How Do I Participate In The Settlement?  What Do I Need To Do? . . . . . . . . . . . . . Page [11-12]
How Much Will My Payment Be? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [12-13]

4

What Payment Are The Attorneys For The Settlement Class Seeking?
    How Will The Lawyers Be Paid? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .Page [24]
What If I Do Not Want To Be A Member Of The Settlement Class?
    How Do I Exclude Myself? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .Page [24]
When And Where Will The Court Decide Whether To Approve The Settlement?
    Do I Have To Come To The Hearing?  May I Speak At The Hearing If I
    Don't Like The Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .Page [25-26]
What If I Bought Shares On Someone Else's Behalf? . . . . . . . . . . . . . . . . . . . . . . . .Page [26-27]
Can I See The Court File?  Whom Should I Contact If I Have Questions? . . . . . . . . . . .Page [27]

## WHY DID I GET THE POSTCARD NOTICE?

8.  The Court directed that the Postcard Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired LSB Securities during the Settlement Class Period.  The Court also directed that this Notice be posted online at www.LSBSecuritiesLitigation.com and mailed to you upon request to the Claims Administrator.  The Court has directed us to disseminate these notices because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement.  Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement, and the Plan of Allocation (or some other plan of allocation), the claims administrator selected by Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.  The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so.  It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation and the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing").  *See* paragraph 90 below for details about the Settlement Hearing, including the date and location of the hearing.

10.  The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

11.  This litigation stems from allegations regarding LSB's purchase, disassembly, transportation and then attempted reassembly of a long dormant ammonia plant.

12.  Dennis Wilson filed the instant action on September 25, 2015.  Dkt. No. 1.  He was appointed Lead Plaintiff and his selection of Glancy Prongay & Murray LLP as Lead Counsel for the proposed class was approved by Order dated December 15, 2015 . Dkt. No. 16.

456610.1 LSB

13.   On February 17, 2016, Lead Plaintiff filed the Corrected Amended Class Action Complaint for Violations of the Federal Securities Laws ("CAC") against all Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against the Individual Defendants under Section 20(a) of the Exchange Act.   Dkt. No. 27. Among other things, the CAC alleged that, throughout the Settlement Class Period, Defendants failed to disclose that the Company had not conducted the detailed engineering work necessary to properly calculate the costs of a major construction project and that the project was both over budget and behind schedule. The CAC further alleged that the prices of LSB publicly-traded securities were artificially inflated as a result of Defendants' allegedly false and misleading statements, and declined when the truth was revealed.

14.   On April 1, 2016, Defendants filed a motion to dismiss the CAC, which was followed by the filing of Lead Plaintiff's opposition and Defendants' reply.   Dkt. Nos. 33-34, 39, 43. Additionally, on September 20, 2016, Lead Plaintiff filed a motion for leave to file a second amended complaint, which Defendants opposed. Dkt. Nos. 45-46, 48.

15.   The Court held oral argument on both the motion to dismiss and the motion for leave to file the second amended complaint on March 2, 2017.   From the bench, the Court denied Defendants' motion to dismiss in its entirety and granted Lead Plaintiff's motion for leave to file a second amended complaint. Dkt. No. 56.

16.   On April 5, 2017, Lead Plaintiff filed and served his Corrected Second Amended Class Action Complaint ("SAC"). The SAC, like the CAC, asserted claims against all Defendants under Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder, and against the Individual Defendants under Section 20(a) of the Exchange Act.   The Complaint alleged claims substantially similar to those alleged in the CAC but also included allegations based on new information from a related litigation and additional allegations regarding the Individual Defendants' control of the Company.

17.   On April 10, 2017, Defendants answered the SAC.  Dkt. No. 70

18.   Thereafter, discovery commenced.  During the course of discovery, Defendants produced approximately 2.7 million pages of documents and an additional 3.3 million pages of documents were produced pursuant to the more than twenty third-party subpoenas issued by Lead Counsel.

19.   Prior to the filing of Plaintiffs' motion for class certification, the Parties exchanged class certification expert, opposition, and rebuttal reports, and the Parties deposed each other's experts. On September 15, 2017, Plaintiffs filed their class certification motion and the Parties expert reports (Dkt. Nos. 99-101). Following the depositions of both proposed class representatives, Dennis Wilson and Camelot, Defendants filed their opposition on October 6, 2017 (Dkt. No. 108), and Plaintiffs filed their reply on October 27, 2017.  Dkt. No. 112.

20.   With discovery ongoing and class certification briefed, the Parties began to discuss the possibility of exploring whether a settlement could be reached through a mediation process. The Parties selected Robert A. Meyer, Esq. of JAMS as mediator. In advance of that session, the Parties exchanged, and provided to Mr. Meyer, detailed mediation statements and exhibits, which addressed the issues of class certification, liability and damages. On March 1, 2018, the Parties participated in a full-day mediation session before experienced third-party mediator,

6

Robert A. Meyer, Esq., in Los Angeles, California at the JAMS offices. The session ended without a settlement.

21.     Following the unsuccessful mediation session, on March 19, 2018, Defendants filed a request for leave to file a supplemental response in opposition to Plaintiffs' class certification motion. Dkt. Nos. 130, 130-1.  On March 22, 2018, the Court granted Defendants' request to allow supplemental briefing. Dkt. No. 132.  On May 2, 2018, Defendants submitted under seal their supplemental brief in opposition to Plaintiffs' motion for class certification, and on May 16, 2018, Plaintiffs submitted under seal their supplemental response.

22.     With discovery ongoing and summary judgment fast approaching, the Parties decided to participate in a second mediation on July 25, 2018. In the time period between the two mediations, eighteen fact witnesses were deposed and Defendants and third parties supplemented their document productions with tens of thousands of additional pages of documents.

23.     In advance of the section mediation, the Parties drafted and exchanged their second confidential mediation statements. These mediation statements primarily focused on how discovery had impacted liability and damages issues. The mediation on July 25, 2018 was again overseen by Robert A. Meyer, Esq. in Los Angeles, California at the JAMS offices. While productive, the Parties were unable to resolve the matter at the mediation.

24.     Following the unsuccessful mediation, discovery continued, with Plaintiffs deposing LSB's current Chief Executive Officer and Chief Financial Officer, and on August 9, 2018, Plaintiffs filed a letter motion requesting a 60-day extension of the fact and expert discovery cut-off deadlines and an increase of the deposition limit to 34 depositions per side. Dkt. No. 145. On August 13, 2018, Defendants opposed the request (Dkt. No. 151), and on August 14, 2018 Plaintiffs filed a reply letter. Dkt. No. 141.  On August 16, 2018, Judge Gorenstein granted Plaintiffs' letter motion in its entirety. Dkt. No. 155.  On that same day, August 16, 2018, Magistrate Judge Gorenstein issued a 44-page Report and Recommendation that granted Plaintiffs' class certification motion in its entirety. Dkt. No. 154.

25.     Despite being unable to reach a settlement at the July 25, 2018 mediation, the Parties continued their negotiations with the help of Mr. Meyer.  On August 23, 2018, Mr. Meyer issued a mediators' proposal to settle this Action, which was ultimately agreed to by the Parties, and on August 27, 2018, the Parties informed the Court that they reached an agreement in principle to settle this action, subject to written memorialization.

26.     Based on the investigation, substantial litigation, extensive discovery and two mediations that occurred during the case and Plaintiffs' direct oversight of the prosecution of this matter and with the advice of their counsel, each of the Plaintiffs has agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of the Stipulation, after considering, among other things, (a) the substantial financial benefit that Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

27.     Defendants are entering into the Stipulation solely to eliminate the uncertainty, burden and expense of further protracted litigation.  Each of the Defendants denies any wrongdoing, and the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants, or any other of the Defendants' Releasees

7

(defined in ¶ 39 below), with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted. Similarly, the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of either Plaintiffs of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

28.    On _____, 20__, the Court preliminarily approved the Settlement, authorized the Postcard Notice to be mailed to potential Settlement Class Members and this Notice to be posted online and mailed to potential Settlement Class Members upon request, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE SETTLEMENT CLASS?

29.    If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded. The Settlement Class consists of:

> all persons or entities that purchased or otherwise acquired LSB Common Stock or LSB Call Options, or sold LSB Put Options between November 7, 2014 and November 5, 2015, inclusive (the "Class Period"), and were damaged thereby.

Excluded from the Settlement Class are Defendants; the officers and directors of the Company, at all relevant times; members of Defendants' Immediate Families and their legal representatives, heirs, successors, or assigns; and any entity in which any of the Defendants have or had a controlling interest. Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in this Notice. *See* "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself," on page [24] below.

**PLEASE NOTE: RECEIPT OF THE POSTCARD NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.**

> **If you are a Settlement Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Claim Form that is available online at www.LSBSecuritiesLitigation.com or which can be mailed to you upon request to the Claims Administrator, and the required supporting documentation as set forth therein, postmarked no later than _____,   20 _____.**

## WHAT ARE PLAINTIFFS' REASONS FOR THE SETTLEMENT?

30.    Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit. They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against the Defendants through trial and appeals, as well as the very substantial risks they would face in establishing liability and damages. Defendants had numerous avenues of attack that could preclude recovery or result in a substantial limiting of

8

damages. For example, Defendants were likely to have credible experts testify that the Individual Defendants' conduct was not reckless and that the cost overruns were the result of unforeseen contractor negligence. In fact, LSB is currently involved in litigation with certain contractors regarding the quality of their work on the project. Even if the hurdles to establishing liability were overcome, the amount of damages that could be attributed to the allegedly false statements would be hotly contested because other disclosures concerning financial results were made at the time of the alleged disclosure of the alleged fraud. Plaintiffs would have to prevail at several stages – motions for summary judgment, trial, and if they prevailed on those, on the appeals that were likely to follow. Thus, there were very significant risks attendant to the continued prosecution of the Action.

31. In light of these risks, the amount of the Settlement and the immediacy of recovery to the Settlement Class, Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class. Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, namely $18,450,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no recovery after summary judgment, trial and appeals, possibly years in the future.

32. Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever. Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation. Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

33. If there were no Settlement and Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Plaintiffs nor the other members of the Settlement Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

34. As a Settlement Class Member, you are represented by Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page [25] below.

35. If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class? How

456610.1 LSB

Do I Exclude Myself?," on page [24] below.

36.   If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

37.   If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will have fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim (as defined in ¶ 38 below) against the Defendants and the other Defendants' Releasees (as defined in ¶ 39 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

38.   "Released Plaintiffs' Claims" means all claims, rights, demands, suits, liabilities, or causes of action, in law or in equity, accrued or unaccrued, fixed or contingent, direct, individual or representative, of every nature and description whatsoever, under federal, state, local, foreign law, or any other law, rule, or regulation, whether known or Unknown Claims, whether class or individual in nature, that (i) were asserted in the SAC, or (ii) could have been, or could in the future be, asserted against Defendants in any court of competent jurisdiction or any other adjudicatory tribunal, in connection with, arising out of, related to, based upon, in whole or in part, directly or indirectly, or in any way involving, the facts, transactions, events, occurrences, acts, disclosures, oral or written statements, representations, filings, publications, disseminations, press releases, presentations, accounting practices or procedures, omissions or failures to act which were alleged or described in the SAC, and arise out of the purchase, acquisition, sale and/or holding of LSB Securities during the Settlement Class Period, including any claims for breach of fiduciary duty.  Notwithstanding the foregoing, this release does not include (i) any claims filed by a shareholder who made a valid demand and/or filed a derivative suit prior to the date this Settlement Agreement was executed; and (ii) any claims relating to the enforcement of the Settlement or any claims of any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

39.   "Defendants' Releasees" means Defendants and their current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, insurance companies, and attorneys, in their capacities as such.

40.   "Unknown Claims" means any Released Plaintiffs' Claims which Plaintiffs or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant or any other Defendants' Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the

456610.1 LSB

Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members and each of the other Defendants' Releasees shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members and each of the other Defendants' Releasees shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

41.    The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will have fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim (as defined in ¶ 42 below) against Plaintiffs and the other Plaintiffs' Releasees (as defined in ¶ 43 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.

42.    "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known or Unknown Claims, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against the Defendants.   This release does not include any claims relating to the enforcement of the Settlement or any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

43.    "Plaintiffs' Releasees" means Plaintiffs, all other plaintiffs in the Action, their respective attorneys, and all other Settlement Class Members, and their respective current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, and attorneys, in their capacities as such.

## HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

44.    To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation **postmarked no later than** _____ , 201____ .    A Claim Form is available on the website maintained by the Claims Administrator for the Settlement, www.LSBSecuritiesLitigation.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-833-402-1726.  Please retain all records of your ownership of and transactions in LSB Securities, as they may be needed to document your

11

Claim.  If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

45.  At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

46.  Pursuant to the Settlement, Defendants have agreed to pay or caused to be paid eighteen million four hundred fifty thousand dollars ($18,450,000) in cash.  The Settlement Amount will be deposited into an escrow account.  The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and/or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to Settlement Class Members and administering the Settlement on behalf of Settlement Class Members; and (c) any attorneys' fees and Litigation Expenses awarded by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

47.  The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

48.  Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final.  Defendants shall not have any liability, obligation or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund or the plan of allocation.

49.  Approval of the Settlement is independent from approval of a plan of allocation.  Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

50.  Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form postmarked on or before _____, 201__ shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given.  This means that each Settlement Class Member releases the Released Plaintiffs' Claims (as defined in ¶ 38 above) against the Defendants' Releasees (as defined in ¶ 39 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiffs' Claims against any of the Defendants' Releasees whether or not such Settlement Class Member submits a Claim Form.

51.  Participants in and beneficiaries of a plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in LSB Securities held through the ERISA Plan in any Claim Form that they may submit in this Action.  They should include ONLY those shares that they purchased or acquired outside of the ERISA Plan.  Claims based on any ERISA Plan's purchases or acquisitions of LSB Securities during the Settlement Class

12

Period may be made by the plan's trustees.  To the extent any of the Defendants or any of the other persons or entities excluded from the Settlement Class are participants in the ERISA Plan, such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by the ERISA Plan.

52.  The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

53.  Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

54.  Only Settlement Class Members, *i.e.*, persons and entities who purchased or otherwise acquired LSB Securities during the Settlement Class Period and were damaged as a result of such purchases or acquisitions will be eligible to share in the distribution of the Net Settlement Fund.  Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.  The only securities that are included in the Settlement are the LSB Securities.

## PROPOSED PLAN OF ALLOCATION

55.  The objective of the Plan of Allocation is to equitably distribute the Settlement proceeds to those Settlement Class Members who suffered net economic losses as a proximate result of the alleged wrongdoing in the Action. The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

56.  In developing the Plan of Allocation, Plaintiffs consulted with their damages expert, who reviewed publicly available information regarding LSB and performed statistical analyses of the price movements of LSB Common Stock ("Common Stock") and of LSB Put Options and LSB Call Options (collectively "Options"; LSB Common Stock and Options are collectively referred to as "LSB Securities") and the price performance of relevant market and peer indices during the Settlement Class Period. The damages expert isolated the losses in LSB Securities that allegedly resulted from the alleged violations of the federal securities laws in the Action, eliminating losses attributable to market factors, industry factors, or Company-specific factors unrelated to the alleged violations of law. The Plan of Allocation, however, is not a formal damage analysis.

57.  In order to have recoverable damages, the corrective disclosure of the allegedly misrepresented information must be the cause of the decline in the price or value of the LSB Securities. In this Action, Plaintiffs allege that Defendants made false statements and omitted material facts during the period between November 7, 2014 and November 5, 2015, inclusive, which had the effect of artificially inflating the prices of LSB Securities. Plaintiffs further alleges that corrective disclosures removed artificial inflation from the price of LSB Securities on July 14, 2015, August 7, 2015 or November 6, 2015. Thus, in order for a Settlement Class Member to have a "Recognized Loss Amount" under the Plan of Allocation, with respect to Common Stock and Call Options, the stock or call options must have been purchased or acquired during

13

the Settlement Class Period and held through at least one of these disclosure dates, and, with respect to Put Options, those options must have been sold (written) during the Settlement Class Period and not closed prior to these disclosure dates.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

58.     For purposes of determining whether a Claimant has a Recognized Claim, purchases, acquisitions, and sales of like securities will first be matched on a First In/First Out basis as set forth in paragraph 69 below.

59.     With respect to shares of LSB Common Stock and Call and Put Options, a "Recognized Loss Amount" or a "Recognized Gain Amount" will be calculated as set forth below for each purchase or acquisition of LSB Common Stock and Call Option contracts and each writing of LSB Put Option contracts from November 7, 2014 and November 5, 2015, that is listed in the Claim Form and for which adequate documentation is provided.

60.     **Common Stock Calculations**: For shares of common stock purchased or otherwise acquired between November 7, 2014 and November 5, 2015:

     (a)    For shares sold between November 7, 2014 and November 5, 2015, the Recognized Loss shall be that number of shares multiplied by the lesser of:

          (i)   the applicable purchase date artificial inflation per share figure less the applicable sales date artificial inflation per share figure, as found in Table A; or

          (ii)  the difference between the purchase price per share and the sales price per share.

     (b)    For shares sold between November 6, 2015 and February 3, 2016, the Recognized Loss shall be the lesser of:

          (i)   the applicable purchase date artificial inflation per share figure, as found in Table A; or

          (ii)  the difference between the purchase price per share and the sales price per share; or

          (iii)  the difference between the purchase price per share and the average closing price between November 6, 2015 and the date of sale, as found in Table B.[3]

---

[3] Pursuant to Section 21(D)(e)(2) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, if the plaintiff sells or repurchases the subject security prior to the expiration of the 90-day period described in paragraph (1), the plaintiff's damages

14

(c)    For shares held at the end of trading on February 3, 2016, the Recognized Loss shall be that number of shares multiplied by the lesser of:

(i)    the applicable purchase date artificial inflation per share figure, as found in Table A; or

(ii)    the difference between the purchase price per share and $6.23.[4]

61.    **Call and Put Option Calculations**: Exchange-traded options are traded in units called "contracts" which entitle the holder to buy (in the case of a call) or sell (in the case of a put) 100 shares of the underlying security, which in this case is LSB Common Stock.

62.    Each option contract specifies a strike price and an expiration date. Contracts with the same strike price, expiration date and option class symbol are referred to as a "series" and each series represents a different security that trades in the market and has its own market price (and thus artificial inflation or deflation). Under the Plan of Allocation, the dollar amount of artificial inflation per option for each series of LSB Call Options and the dollar amount of artificial deflation per option for each series of LSB Put Options has been calculated by Plaintiffs' damages expert and is included in Table C.

63.    Shares of LSB Common Stock acquired via the exercise of a LSB Call Option shall be treated as a purchase on the date of exercise for the exercise price plus the cost per share of the LSB Call Option, and any Recognized Loss arising from such transaction shall be computed as provided for purchases of LSB Common Stock as set forth herein.

64.    Shares of LSB Common Stock acquired through the "put" of LSB Common Stock via exercise of a LSB Put Option shall be treated as if the sale of the LSB Put Option were a purchase of LSB Common Stock on the date of the sale or writing of the LSB Put Option, for the exercise price of the LSB Put Option less the proceeds per share received from the sale of the LSB Put Option, and any Recognized Loss Amount arising from such transaction shall be

---

shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the security and the mean trading price of the security during the period beginning immediately after dissemination of information correcting the misstatement or omission and ending on the date on which the plaintiff sells or repurchases the security."

[4] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated." The mean (average) closing price of LSB common stock during the 90-day period beginning on November 6, 2015 and ending on February 3, 2016 was $6.23 per share.

15

computed as provided for purchases of LSB Common Stock as set forth herein.

65.    No Recognized Claim shall be calculated based upon purchase or acquisition of any LSB Call Option that had been previously sold or written.

66.    No Recognized Claim shall be calculated based upon the sale or writing of any LSB Put Option that had been previously purchased or acquired.

67.    The following LSB Call Options are included in the Settlement and have Recognized Losses as described below:

(a)    for Call Options with expiration dates on or after July 15, 2015 purchased between November 7, 2014 and July 14, 2015 that were (a) sold on or after July 15, 2015 or (b) held at expiration, the Recognized Loss shall be the sum of artificial inflation figures provided for that option in Table C if still held at July 15, 2015, August 7, 2015 or November 6, 2015.

(b)    for Call Options with expiration dates on or after August 7, 2015 purchased between November 7, 2014 and August 6, 2015 that were (a) sold on or after August 7, 2015 or (b) held at expiration, the Recognized Loss shall be the sum of artificial inflation figures provided for that option in Table C if still held at August 7, 2015 or November 6, 2015.

(c)    for Call Options with expiration dates on or after November 6, 2015 purchased between November 7, 2014 and November 5, 2015 that were (a) sold on or after November 6, 2015 or (b) held at expiration, the Recognized Loss shall be the artificial inflation figure provided for that option if still held at November 6, 2015.

68.    The following LSB Put Options are included in the Settlement and have Recognized Losses as described below:

(a)    for Put Options with expiration dates on or after July 15, 2015 sold or written between November 7, 2014 and July 14, 2015 that were (a) repurchased on or after July 15, 2015 or (b) still written at expiration, the Recognized Loss shall be the sum of artificial deflation figures provided for that option in Table C if still written at July 15, 2015, August 7, 2015 or November 6, 2015.

(b)    for Put Options with expiration dates on or after August 7, 2015 sold or written between November 7, 2014 and August 6, 2015 that were (a) repurchased on or after August 7, 2015 or (b) still written at expiration, the Recognized Loss shall be the sum of artificial deflation figures provided for that option in Table C if still written at August 7, 2015 or November 6, 2015.

456610.1 LSB

(c)   for Put Options with expiration dates on or after November 6, 2015 sold or written between November 7, 2014 and November 5, 2015 that were (a) repurchased on or after November 6, 2015 or (b) still written at expiration, the Recognized Loss shall be the artificial deflation figure provided for that option in Table C if still written at November 6, 2015.

**Table A**

| Purchase or Sale Date Range | Artificial Inflation Per Share |
|---|---|
| 11/07/2014 – 07/14/2015 | $ 20.12 |
| 07/15/2015 – 08/06/2015 | $ 19.01 |
| 08/07/2015 – 11/05/2015 | $ 7.19 |

**Table B**

| Date of Sale | Average Closing Price Between 11/06/2015 and Date of Sale | Date of Sale | Average Closing Price Between 11/06/2015 and Date of Sale |
|---|---|---|---|
| 11/06/2015 | $9.08 | 12/21/2015 | $6.64 |
| 11/09/2015 | $8.21 | 12/22/2015 | $6.67 |
| 11/10/2015 | $8.06 | 12/23/2015 | $6.71 |
| 11/11/2015 | $7.83 | 12/24/2015 | $6.74 |
| 11/12/2015 | $7.51 | 12/28/2015 | $6.75 |
| 11/13/2015 | $7.42 | 12/29/2015 | $6.77 |
| 11/16/2015 | $7.33 | 12/30/2015 | $6.78 |
| 11/17/2015 | $7.22 | 12/31/2015 | $6.79 |
| 11/18/2015 | $7.15 | 01/04/2016 | $6.80 |
| 11/19/2015 | $7.10 | 01/05/2016 | $6.80 |
| 11/20/2015 | $7.08 | 01/06/2016 | $6.79 |
| 11/23/2015 | $7.03 | 01/07/2016 | $6.77 |
| 11/24/2015 | $6.98 | 01/08/2016 | $6.74 |
| 11/25/2015 | $6.94 | 01/11/2016 | $6.71 |
| 11/27/2015 | $6.89 | 01/12/2016 | $6.68 |
| 11/30/2015 | $6.91 | 01/13/2016 | $6.64 |
| 12/01/2015 | $6.88 | 01/14/2016 | $6.60 |
| 12/02/2015 | $6.86 | 01/15/2016 | $6.58 |
| 12/03/2015 | $6.84 | 01/19/2016 | $6.53 |
| 12/04/2015 | $6.80 | 01/20/2016 | $6.49 |
| 12/07/2015 | $6.78 | 01/21/2016 | $6.46 |
| 12/08/2015 | $6.75 | 01/22/2016 | $6.43 |
| 12/09/2015 | $6.75 | 01/25/2016 | $6.40 |
| 12/10/2015 | $6.73 | 01/26/2016 | $6.37 |

17

| | | | | |
|---|---|---|---|---|
| 12/11/2015 | $6.70 | | 01/27/2016 | $6.34 |
| 12/14/2015 | $6.66 | | 01/28/2016 | $6.32 |
| 12/15/2015 | $6.62 | | 01/29/2016 | $6.30 |
| 12/16/2015 | $6.61 | | 02/01/2016 | $6.29 |
| 12/17/2015 | $6.59 | | 02/02/2016 | $6.26 |
| 12/18/2015 | $6.61 | | 02/03/2016 | $6.23 |

**Table C**

| Disclosure Date | Type | Expiration | Strike | Artificial Inflation (Calls) Deflation (Puts) If Still Held/Written |
|---|---|---|---|---|
| 7/15/2015 | Call | 7/17/2015 | $35.00 | $1.14 |
| 7/15/2015 | Call | 7/17/2015 | $45.00 | $0.21 |
| 7/15/2015 | Call | 8/21/2015 | $45.00 | $0.52 |
| 8/7/2015 | Call | 8/21/2015 | $45.00 | $0.50 |
| 7/15/2015 | Call | 9/18/2015 | $22.50 | $1.36 |
| 8/7/2015 | Call | 9/18/2015 | $22.50 | $9.17 |
| 7/15/2015 | Call | 9/18/2015 | $40.00 | $0.86 |
| 8/7/2015 | Call | 9/18/2015 | $40.00 | $4.05 |
| 7/15/2015 | Call | 9/18/2015 | $45.00 | $0.60 |
| 8/7/2015 | Call | 9/18/2015 | $45.00 | $0.51 |
| 7/15/2015 | Call | 9/18/2015 | $50.00 | $0.22 |
| 8/7/2015 | Call | 9/18/2015 | $50.00 | $0.50 |
| 7/15/2015 | Call | 9/18/2015 | $55.00 | $0.15 |
| 8/7/2015 | Call | 9/18/2015 | $55.00 | $0.50 |
| 11/6/2015 | Call | 11/20/2015 | $15.00 | $3.81 |
| 11/6/2015 | Call | 11/20/2015 | $17.50 | $0.70 |
| 11/6/2015 | Call | 11/20/2015 | $20.00 | $3.53 |
| 11/6/2015 | Call | 12/18/2015 | $12.50 | $4.65 |
| 11/6/2015 | Call | 12/18/2015 | $15.00 | $3.82 |
| 11/6/2015 | Call | 12/18/2015 | $17.50 | $3.64 |
| 11/6/2015 | Call | 12/18/2015 | $20.00 | $1.36 |
| 11/6/2015 | Call | 12/18/2015 | $22.50 | $0.60 |
| 11/6/2015 | Call | 12/18/2015 | $25.00 | $3.44 |
| 7/15/2015 | Call | 12/18/2015 | $40.00 | $0.90 |
| 8/7/2015 | Call | 12/18/2015 | $40.00 | $4.09 |
| 11/6/2015 | Call | 12/18/2015 | $40.00 | $0.47 |
| 7/15/2015 | Call | 12/18/2015 | $45.00 | $0.73 |
| 8/7/2015 | Call | 12/18/2015 | $45.00 | $3.88 |
| 11/6/2015 | Call | 12/18/2015 | $45.00 | $0.46 |
| 7/15/2015 | Call | 12/18/2015 | $55.00 | $0.22 |
| 8/7/2015 | Call | 12/18/2015 | $55.00 | $0.61 |
| 11/6/2015 | Call | 12/18/2015 | $55.00 | $3.12 |
| 11/6/2015 | Call | 3/18/2016 | $12.50 | $4.74 |

18

| | | | | |
|---|---|---|---|---|
| 11/6/2015 | Call | 3/18/2016 | $15.00 | $3.92 |
| 11/6/2015 | Call | 3/18/2016 | $17.50 | $3.66 |
| 11/6/2015 | Call | 3/18/2016 | $20.00 | $1.33 |
| 11/6/2015 | Call | 3/18/2016 | $22.50 | $3.51 |
| 11/6/2015 | Call | 3/18/2016 | $25.00 | $0.97 |
| 11/6/2015 | Call | 3/18/2016 | $30.00 | $3.36 |
| 11/6/2015 | Call | 6/17/2016 | $10.00 | $5.56 |
| 11/6/2015 | Call | 6/17/2016 | $12.50 | $4.89 |
| 11/6/2015 | Call | 6/17/2016 | $15.00 | $4.20 |
| 11/6/2015 | Call | 6/17/2016 | $20.00 | $3.60 |
| 11/6/2015 | Call | 6/17/2016 | $25.00 | $3.46 |
| 7/15/2015 | Put | 7/17/2015 | $45.00 | $1.05 |
| 7/15/2015 | Put | 8/21/2015 | $40.00 | $0.74 |
| 8/7/2015 | Put | 8/21/2015 | $40.00 | $10.60 |
| 7/15/2015 | Put | 9/18/2015 | $30.00 | $0.16 |
| 8/7/2015 | Put | 9/18/2015 | $30.00 | $5.04 |
| 7/15/2015 | Put | 9/18/2015 | $35.00 | $0.32 |
| 8/7/2015 | Put | 9/18/2015 | $35.00 | $7.64 |
| 7/15/2015 | Put | 9/18/2015 | $40.00 | $0.72 |
| 8/7/2015 | Put | 9/18/2015 | $40.00 | $10.30 |
| 7/15/2015 | Put | 9/18/2015 | $45.00 | $1.13 |
| 8/7/2015 | Put | 9/18/2015 | $45.00 | $10.36 |
| 11/6/2015 | Put | 11/20/2015 | $15.00 | $4.38 |
| 11/6/2015 | Put | 11/20/2015 | $17.50 | $4.13 |
| 11/6/2015 | Put | 11/20/2015 | $20.00 | $5.13 |
| 11/6/2015 | Put | 12/18/2015 | $15.00 | $2.86 |
| 11/6/2015 | Put | 12/18/2015 | $17.50 | $4.13 |
| 11/6/2015 | Put | 12/18/2015 | $20.00 | $4.78 |
| 11/6/2015 | Put | 12/18/2015 | $22.50 | $5.19 |
| 7/15/2015 | Put | 12/18/2015 | $35.00 | $0.39 |
| 8/7/2015 | Put | 12/18/2015 | $35.00 | $7.58 |
| 7/15/2015 | Put | 12/18/2015 | $40.00 | $0.69 |
| 8/7/2015 | Put | 12/18/2015 | $40.00 | $9.46 |
| 7/15/2015 | Put | 12/18/2015 | $45.00 | $0.98 |
| 8/7/2015 | Put | 12/18/2015 | $45.00 | $10.30 |
| 11/6/2015 | Put | 3/18/2016 | $12.50 | $1.92 |
| 11/6/2015 | Put | 3/18/2016 | $15.00 | $2.84 |
| 11/6/2015 | Put | 3/18/2016 | $17.50 | $3.89 |
| 11/6/2015 | Put | 3/18/2016 | $20.00 | $4.45 |
| 11/6/2015 | Put | 3/18/2016 | $25.00 | $4.95 |
| 11/6/2015 | Put | 3/18/2016 | $35.00 | $5.33 |
| 11/6/2015 | Put | 6/17/2016 | $12.50 | $1.91 |

## ADDITIONAL PROVISIONS

456610.1 LSB

69.   **FIFO Matching**: If a Settlement Class Member made more than one purchase/acquisition or sale of any LSB Securities during the Settlement Class Period, all purchases/acquisitions and sales of the like security shall be matched on a First In, First Out ("FIFO") basis. With respect to LSB Common Stock and Call Options, Settlement Class Period sales will be matched first against any holdings at the beginning of the Settlement Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Settlement Class Period. For LSB Put Options, Settlement Class Period purchases will be matched first to close out positions open at the beginning of the Settlement Class Period, and then against Put Options sold (written) during the Settlement Class Period in chronological order.

70.   **"Purchase/Sale" Dates**: Purchases or acquisitions and sales of LSB Securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of LSB Securities during the Settlement Class Period shall not be deemed a purchase, acquisition or sale of these LSB Securities for the calculation of a Claimant's Recognized Loss or Gain Amounts, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such LSB Securities unless: (i) the donor or decedent purchased or otherwise acquired such LSB Securities during the Settlement Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such LSB Securities.

71.   **Short Sales**: With respect to LSB Common Stock, the date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Common Stock. The date of a "short sale" is deemed to be the date of sale of the LSB Common Stock. In accordance with the Plan of Allocation, however, the Recognized Loss and Gain Amounts on "short sales" is zero.

72.   In the event that a Claimant has an opening short position in LSB Common Stock, the earliest purchases or acquisitions during the Settlement Class Period shall be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

73.   If a Settlement Class Member has "written" Call Options, thereby having a short position in the Call Options, the date of covering such a written position is deemed to be the date of purchase or acquisition of the Call Option. The date on which the Call Option was written is deemed to be the date of sale of the Call Option. In accordance with the Plan of Allocation, however, the Recognized Loss and Gain Amounts on "written" Call Options is zero. In the event that a Claimant has an opening written position in Call Options, the earliest purchases or acquisitions of like Call Options during the Settlement Class Period shall be matched against such opening written position, and not be entitled to a recovery, until that written position is fully covered.

74.   If a Settlement Class Member has purchased or acquired Put Options, thereby having a long position in the Put Options, the date of purchase/acquisition is deemed to be the date of purchase/acquisition of the Put Option. The date on which the Put Option was sold, exercised, or expired is deemed to be the date of sale of the Put Option. In accordance with the Plan of Allocation, however, the Recognized Loss and Gain Amounts on purchased/acquired Put Options is zero. In the event that a Claimant has an opening long position in Put Options, the

20

earliest sales or dispositions of like Put Options during the Settlement Class Period shall be matched against such opening position, and not be entitled to a recovery, until that long position is fully covered.

75.     **Common Stock Acquired Through the Exercise of Options**: With respect to LSB Common Stock purchased through the exercise of a LSB Call Option, the purchase date of the Common Stock is the exercise date of the option and the purchase price is the exercise price of the option, plus the cost per share of the LSB Call Option.  With respect to LSB Common Stock purchased through the exercise of a LSB Put Option, the purchase date of the Common Stock is the sales date of the option and the purchase price is the exercise price of the option, less the proceeds per share received from the sale of the LSB Put Option.

76.     **Netting Gains and Losses**: Gains and losses in LSB Securities trades will be netted for purposes of calculating whether a Claimant had an overall gain or loss on his, her or its transactions. The netting will occur both with respect to the Claimant's calculated Recognized Gain and Loss Amounts as set forth in ¶¶ 58-68 above, as well as with respect to the Claimant's gains or losses based on his, her or its market transactions.

    (a)     **Netting of Calculated Gains and Loss Amounts**: The Claimant's Recognized Loss Amounts for Common Stock and Options will be totaled (the "Total Loss Amount") and the Claimant's Recognized Gain Amounts for Common Stock and Options will be totaled (the "Total Gain Amount"). If the Claimant's Total Loss Amount *minus* the Claimant's Total Gain Amount is a positive number, that will be the Claimant's Net Recognized Loss Amount; if the number is a negative number or zero, that will be the Claimant's Net Recognized Gain Amount.

    (b)     **Netting of Market Gains and Losses**: With respect to all LSB Common Stock and Call Options purchased or acquired or Put Options sold during the Settlement Class Period, the Claims Administrator will also determine if the Claimant had a Market Gain or a Market Loss with respect to his, her or its overall transactions during the Settlement Class Period in those shares and options. For purposes of making this calculation, with respect to LSB Common Stock, the Claims Administrator shall determine the difference between (i) the Claimant's Total Purchase Amount[5] and (ii) the sum of the Claimant's Sales Proceeds[6] and the Claimant's Holding Value.[7]  For LSB

---

[5] For LSB Common Stock and Call Options, the "Total Purchase Amount" is the total amount the Claimant paid (excluding all fees, taxes and commissions) for all such LSB securities purchased or acquired during the Settlement Class Period.

[6] For LSB Common Stock and Call Options, the Claims Administrator shall match any sales of such LSB Securities during the Settlement Class Period first against the Claimant's opening position in the like LSB Securities (the proceeds of those sales will not be considered for purposes of calculating market gains or losses). The total amount received for sales of the remaining like LSB Securities sold during the Settlement Class Period is the "Sales Proceeds."

21

Common Stock, if the Claimant's Total Purchase Amount *minus* the sum of the Claimant's Sales Proceeds and the Holding Value is a positive number, that number will be the Claimant's Market Loss; if the number is a negative number or zero, that number will be the Claimant's Market Gain. With respect to LSB Call Options that were purchased and subsequently sold or expired worthless, the Claims Administrator shall determine the difference between (i) the Claimant's Total Purchase Amount and (ii) the sum of the Claimant's Sales Proceeds. For LSB Call Options, if the Claimant's Total Purchase Amount *minus* the sum of the Claimant's Sales Proceeds is a positive number, that number will be the Claimant's Market Loss; if the number is a negative number or zero, that number will be the Claimant's Market Gain. With respect to LSB Put Options that were sold and subsequently repurchased or expired worthless, the Claims Administrator shall determine the difference between (i) the sum of the Claimant's Total Purchase Amount[8] and (ii) the Claimant's Sale Proceeds.[9] For LSB Put Options, if the sum of the Claimant's Total Purchase Amount minus the Claimant's Sales Proceeds is a positive number, that number will be the Claimant's Market Loss; if the number is a negative number or zero, that number will be the Claimant's Market Gain.

77.     **Calculation of Claimant's Recognized Claim**: If a Claimant has a Net Recognized Gain Amount *or* a Market Gain, the Claimant's "Recognized Claim" will be zero. Such Claimants shall in any event be bound by the Settlement. If the Claimant has a Net Recognized Loss Amount *and* a Market Loss, the Claimant's "Recognized Claim" will be the lesser of those two amounts.

78.     **Determination of Distribution Amount**: If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

79.     If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of

---

[7] The Claims Administrator shall ascribe a "Holding Value" of $9.08 to each share of LSB Common Stock purchased or acquired during the Settlement Class Period that was still held as of the close of trading on November 6, 2015.

[8] For LSB Put Options, the Claims Administrator shall match any purchases during the Settlement Class Period to close out positions in Put Options first against the Claimant's opening position in Put Options (the total amount paid with respect to those purchases will not be considered for purposes of calculating market gains or losses). The total amount paid for the remaining purchases during the Settlement Class Period to close out positions in Put Options is the "Total Purchase Amount."

[9] For LSB Put Options, the total amount received for Put Options sold (written) during the Settlement Class Period is the "Sales Proceeds."

22

all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund shall be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

80.    The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation (*i.e.*, the Recognized Claim will be deemed to be zero) and no distribution will be made to that Authorized Claimant. Any prorated amounts of less than $10.00 will be included in the pool distributed to those whose prorated payments are $10.00 or greater. Such Authorized Claimants shall in any event be bound by the Settlement.

81.    After the initial distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the fund nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator shall conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Lead Counsel and approved by the Court.

82.    Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against Plaintiffs, Lead Counsel, Plaintiffs' damages expert, Defendants, Defendants' Counsel, or any of the other Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court. Plaintiffs, Defendants and their respective counsel, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

83.    The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Plaintiffs after consultation with their damages expert.  The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class.  Any Orders regarding any modification of the Plan of Allocation will be posted on the settlement website, www.LSBSecuritiesLitigation.com.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS

456610.1 LSB

## SEEKING?
## HOW WILL THE LAWYERS BE PAID?

84.  Plaintiffs' Counsel have not yet received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have Plaintiffs' Counsel been reimbursed for their out-of-pocket expenses.  Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 33 1/3% of the Settlement Fund.  At the same time, Lead Counsel also intends to apply for reimbursement of Litigation Expenses in an amount not to exceed $1,450,000, which may include an application for reimbursement of the reasonable costs and expenses (including lost wages) incurred by Plaintiffs directly related to their representation of the Settlement Class.  The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS?
## HOW DO I EXCLUDE MYSELF?

85.   Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Class, addressed to *Wilson v. LSB Industries, Inc. et al.*, EXCLUSIONS, c/o JND Legal Administration, P.O. Box 91236, Seattle, WA 98111-9336.  The exclusion request must be **received** no later than _____, 201__.  You will not be able to exclude yourself from the Settlement Class after that date.  Each Request for Exclusion must: (a) state the name, address and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Settlement Class in *Wilson v. LSB Industries, Inc. et al.*, Case No. 1:15-cv-07614"; (c) identify and state the number of all LSB Securities that the person or entity requesting exclusion purchased/acquired and/or sold during the Settlement Class Period (*i.e.*, between November 7, 2014 and November 5, 2015, inclusive), as well as the dates and prices of each such purchase/acquisition and sale; and (d) be signed by the person or entity requesting exclusion or an authorized representative.  A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

86.   If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendants' Releasees.

87.   If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

88.   Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Plaintiffs and Defendants.

24

## WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?

89.   Settlement Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing.   You can participate in the Settlement without attending the Settlement Hearing.

90.   The Settlement Hearing will be held on _____, 201__ at __:__ _.m., before the Honorable Ronnie Abrams in Courtroom 1506 of the United States Courthouse, Southern District of New York, 40 Foley Square, New York, NY 10007.  The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

91.   Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Objections must be in writing.  You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Southern District of New York at the address set forth below on or before _____, 201__.  You must also serve the papers on Lead Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are *received* on or before _____, 201__.

| **Clerk's Office** | **Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| **United States District Court for the Southern District of New York** | **Glancy Prongay & Murray LLP** | **DECHERT, LLP** |
| Clerk of the Court | Casey E. Sadler, Esq. | David Kistenbroker, Esq. |
| Thurgood Marshall | 1925 Century Park East | 35 West Wacker Drive |
| United States Courthouse | Suite 2100 | Suite 3400 |
| 40 Foley Ave. | Los Angeles, CA 90067 | Chicago, Illinois 60601 |
| New York, NY 10007 | | |

92.   Any objection: (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of all LSB Securities that the objecting Settlement Class Member purchased/acquired and/or sold during the Settlement Class Period (*i.e.*, between November 7, 2014 and November 5, 2015, inclusive), as well as the dates and prices of each such purchase/acquisition and sale.  You may not object to the Settlement, the Plan of Allocation

25

or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

93.   You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

94.   If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth above so that it is *received* **on or before** _____, 201__. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Such persons may be heard orally at the discretion of the Court.

95.   You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 91 above so that the notice is *received* on or _____, 201__.

96.   The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class.  If you intend to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

97.   **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

98.   If you purchased or otherwise acquired any of the LSB Securities between November 7, 2014 and November 5, 2015, inclusive, for the beneficial interest of persons or organizations other than yourself, you must either: (a) within seven (7) calendar days of receipt of the Postcard Notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Postcard Notice, provide a list of the names and addresses of all such beneficial owners to *Wilson v. LSB Industries, Inc. et al.*, c/o JND Legal Administration, P.O. Box 91236, Seattle, WA 98111-9336.  If you choose the second option, the Claims Administrator will send a copy of the Postcard Notice to the beneficial owners.  Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, up to a maximum of $0.50 per notice, by providing the Claims

26

Administrator with proper documentation supporting the expenses for which reimbursement is sought. Any dispute concerning the reasonableness of reimbursement costs shall be resolved by the Court. Copies of this Notice and the Claim Form may be obtained from the website maintained by the Claims Administrator, www.LSBSecuritiesLitigation.com, or by calling the Claims Administrator toll-free at 1-833-402-1726.

---

## CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

99.   This Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Southern District of New York, United States Courthouse, 40 Foley Ave., New York, NY  10007. Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.LSBSecuritiesLitigation.com.

All inquiries concerning this Notice and the Claim Form should be directed to the Claims Administrator or Lead Counsel at:

| *Wilson v. LSB Industries, Inc., et al.* | and/or | Casey E. Sadler, Esq. |
|---|---|---|
| c/o JND Legal Administration | | GLANCY PRONGAY & MURRAY LLP |
| P.O. Box 91236 | | 1925 Century Park East, Suite 2100 |
| Seattle, WA 98111-9336 | | Los Angeles, CA 90067 |
| 833-402-1726 | | (888) 773-9224 |
| www.LSBSecuritiesLitigation.com | | settlements@glancylaw.com |

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 201___

By Order of the Court
United States District Court
Southern District of New York

27

# EXHIBIT A-2

**Exhibit A-2**

*Wilson v. LSB Industries, Inc. et al.*
c/o JND Legal Administration
P.O. Box 91236
Seattle, WA 98111-9336
Toll Free Number: 833-402-1726
Settlement Website: www.LSBSecuritiesLitigation.com
Email: info@lsbsecuritieslitigation.com

## PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must be a Settlement Class Member and complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by first-class mail to the above address **postmarked no later than** _____, or submit it online at the website www.LSBSecuritiesLitigation.com no later than _____.

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to recover any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the settling parties or their counsel. Submit your Claim Form only to the Claims Administrator at the address set forth above.**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| PART I – CLAIMANT INFORMATION | 2 |
| PART II – GENERAL INSTRUCTIONS | 4 |
| PART III – SCHEDULE OF TRANSACTIONS IN LSB COMMON STOCK | 8 |
| PART IV – SCHEDULE OF TRANSACTIONS IN LSB CALL OPTIONS | 10 |
| PART V – SCHEDULE OF TRANSACTIONS IN LSB PUT OPTIONS | 12 |
| PART VI – RELEASE OF CLAIMS AND SIGNATURE | 14 |

456609.1 LSB

## PART I -- CLAIMANT INFORMATION

(Please read General Instructions below before completing this page.)

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above.

Beneficial Owner's First Name                Beneficial Owner's Last Name

Co-Beneficial Owner's First Name             Co-Beneficial Owner's Last Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address1 (street name and number)

Address2 (apartment, unit or box number)

City                                          State    Zip Code

Foreign Country (only if not USA)

Last four digits of Social Security Number or Taxpayer Identification Number

Telephone Number (home)                      Telephone Number (work)

Email address (E-mail address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.):

Account Number (account(s) through which the securities were traded)[1]:

Claimant Account Type (check appropriate box):

---

[1] If the account number is unknown, you may leave blank. If the same legal entity traded through more than one account you may write "multiple." Please see paragraph 12 of the General Instructions for more information on when to file separate Claim Forms for multiple accounts, *i.e.*, when you are filing on behalf of distinct legal entities.

2

☐   Individual (includes joint owner accounts)          ☐   Pension Plan          ☐   Trust
☐   Corporation                                         ☐   Estate
☐   IRA/401K                                            ☐   Other _____ (please specify)

3

## PART II – GENERAL INSTRUCTIONS

1.     It is important that you completely read and understand the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice") that is posted on the settlement website available at www.LSBSecuritiesLitigation.com, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice.  The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.  The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form.  By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2.     This Claim Form is directed to all persons or entities that, during the period from November 7, 2014 and November 5, 2015, inclusive (the "Settlement Class Period"), purchased or otherwise acquired LSB Common Stock or LSB Call Options, or sold LSB Put Options and were damaged thereby (the "Settlement Class").  LSB Common Stock, Call Options, and Put Options are referred to collectively as "LSB Securities."  All persons and entities that are members of the Settlement Class are referred to as "Settlement Class Members."

3.     Excluded from the Settlement Class by definition are:  Defendants; the officers and directors of the Company, at all relevant times; members of Defendants' Immediate Families and their legal representatives, heirs, successors, or assigns; and any entity in which any of the Defendants have or had a controlling interest.  Also excluded from the Settlement Class are any persons and entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

4.     If you are not a Settlement Class Member, or if you, or someone acting on your behalf, submitted a request for exclusion from the Settlement Class, do not submit a Claim Form. **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A SETTLEMENT CLASS MEMBER. THUS, IF YOU ARE EXCLUDED FROM THE SETTLEMENT CLASS (AS SET FORTH IN PARAGRAPH 3 ABOVE), ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.**

5.     If you are a Settlement Class Member, you will be bound by the terms of any judgments or orders entered in the Action WHETHER OR NOT YOU SUBMIT A CLAIM FORM, unless you submit a request for exclusion from the Settlement Class.  Thus, if you are a Settlement Class Member, the Judgment will release and enjoin the filing or continued prosecution of the Released Plaintiffs' Claims against the Defendants' Releasees.

6.     You are eligible to participate in the distribution of the Net Settlement Fund only if you are a member of the Settlement Class and if you complete and return this form as specified below.  If you fail to submit a timely, properly addressed, and completed Claim Form with the required documentation, your claim may be rejected and you may be precluded from receiving any distribution from the Net Settlement Fund.

4

7.     **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation approved by the Court.**

8.     Use the Schedules of Transactions in Parts III – V of this Claim Form to supply all required details of your transaction(s) (including free transfers) in and holdings of the applicable LSB Securities. On the Schedules of Transactions, please provide all of the requested information with respect to your holdings, purchases, acquisitions and sales of the applicable LSB Securities, whether such transactions resulted in a profit or a loss. Failure to report all transaction and holding information during the requested time periods may result in the rejection of your claim.

9.     **Please note:** Only LSB Common Stock and LSB Call Options purchased/acquired, and LSB Put Options sold, during the Settlement Class Period (*i.e.*, from November 7, 2014 and November 5, 2015, inclusive) and were damaged thereby are eligible under the Settlement. However, under the PSLRA "90-day look-back period" (described in the Plan of Allocation set forth in the Notice), your sales of LSB Common Stock during the period from November 6, 2015, through and including February 3, 2016, will be used for purposes of calculating your Recognized Loss Amounts under the Plan of Allocation. Therefore, in order for the Claims Administrator to be able to balance your claim, the requested purchase information during the 90-day look-back period must also be provided.

10.     In order to have recoverable damages, the purported corrective disclosure of the allegedly misrepresented information must be the cause of the decline in the price or value of the LSB Securities. In this Action, Plaintiffs allege that Defendants made false statements and omitted purportedly material facts during the period between November 7, 2014 and November 5, 2015, inclusive, which had the effect of artificially inflating the prices of LSB Securities. Plaintiffs further alleges that purported corrective disclosures removed artificial inflation from the price of LSB Securities on July 14, 2015, August 7, 2015 or November 6, 2015. Thus, in order for a Settlement Class Member to have a "Recognized Loss Amount" under the Plan of Allocation, with respect to Common Stock and Call Options, the stock or call options must have been purchased or acquired during the Settlement Class Period and held through at least one of these disclosure dates, and, with respect to Put Options, those options must have been sold (written) during the Settlement Class Period and not closed prior to these disclosure dates.

11.     You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of the applicable LSB Securities set forth in the Schedules of Transactions in Parts III – V of this Claim Form. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement. The Parties and the Claims Administrator do not independently have information about your investments in LSB Securities. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT CONTEMPORANEOUS DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. **Please keep a copy of all documents that you send to the Claims Administrator. Also, please do not highlight any portion of the Claim Form or any supporting documents.**

12.    Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions through an account that is in the name of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made through an account in the individual's name). Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

13.    All joint beneficial owners must sign this Claim Form.  If you purchased or otherwise acquired LSB Common Stock or LSB Call Options, or sold LSB Put Options, during the Settlement Class Period and held the securities in your name, you are the beneficial owner as well as the record owner and you must sign this Claim Form to participate in the Settlement. If, however, you purchased or otherwise acquired LSB Common Stock or LSB Call Options, or sold LSB Put Options, during the Settlement Class Period and the securities were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these securities, but the third party is the record owner.  The beneficial owner, not the record owner, must sign this Claim Form.

14.    Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)    expressly state the capacity in which they are acting;

(b)    identify the name, account number, Social Security Number (or taxpayer identification number), address and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the LSB Securities; and

(c)    furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting.  (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade stock in another person's accounts.)

15.    By submitting a signed Claim Form, you will be swearing that you:

(a)    own(ed) the LSB Securities you have listed in the Claim Form; or

(b)    are expressly authorized to act on behalf of the owner thereof.

16.    By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America.  The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

17.    If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after the completion of all claims processing.  This could take substantial time.  Please be patient.

18.    **PLEASE NOTE:** As set forth in the Plan of Allocation, each Authorized Claimant

6

shall receive his, her or its *pro rata* share of the Net Settlement Fund.  If the prorated payment to any Authorized Claimant, however, calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

19.    If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, JND Legal Administration, at P.O. Box 91236, Seattle, WA 98111-9336, by email at info@lsbsecuritieslitigation.com, or by toll-free phone at 833-402-1726, or you may download the documents from the Settlement website, www.LSBSecuritiesLitigation.com.

20.    NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the mandatory electronic filing requirements and file layout, you may visit the Settlement website at www.LSBSecuritiesLitigation.com or you may email the Claims Administrator's electronic filing department at info@lsbsecuritieslitigation.com. Any file not in accordance with the required electronic filing format will be subject to rejection. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to that effect after processing your file with your claim numbers and respective account information.  **Do not assume that your file has been received or processed until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at 833-402-1726 to inquire about your file and confirm it was received and acceptable.**

### IMPORTANT: PLEASE NOTE

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD.   THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL, WITHIN 60 DAYS. IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, PLEASE CALL THE CLAIMS   ADMINISTRATOR TOLL FREE AT 833-402-1726.**

456609.1 LSB

## PART III – SCHEDULE OF TRANSACTIONS IN LSB COMMON STOCK

Complete this Part III if and only if you purchased/acquired LSB Common Stock during the period from November 7, 2014 between and through November 5, 2015. Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 10, above. Do not include information in this section regarding securities other than LSB Common Stock.

**1. BEGINNING HOLDINGS** – State the total number of shares of LSB Common Stock held as of the opening of trading on November 7, 2014. (Must be documented.) If none, write "zero" or "0." _____

**2. PURCHASES/ACQUISITIONS DURING THE SETTLEMENT CLASS PERIOD** – Separately list each and every purchase/acquisition (including free receipts) of LSB Common Stock from after the opening of trading on November 7, 2014 through and including the close of trading on November 5, 2015. (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Purchase/Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| /   / | | $ | $ |
| /   / | | $ | $ |
| /   / | | $ | $ |
| /   / | | $ | $ |

**3. PURCHASES/ACQUISITIONS DURING THE 90-DAY LOOK-BACK PERIOD** – State the total number of shares of LSB Common Stock purchased/acquired (including free receipts) from after the opening of trading on November 6, 2015, through and including the close of trading on February 3, 2016. If none, write "zero" or "0."[2] _____

| **4. SALES DURING THE SETTLEMENT CLASS PERIOD AND DURING THE 90-DAY LOOK-BACK PERIOD** – Separately list each and every sale/disposition (including free deliveries) of LSB Common Stock from after the opening of trading on November 7, 2014, through and including the close of trading on February 3, 2016. (Must be documented.) | IF NONE, CHECK HERE ○ |
|---|---|

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| /   / | | $ | $ |
| /   / | | $ | $ |

---

[2] **Please note:** Information requested with respect to your purchases/acquisitions LSB Common Stock from after the opening of trading on November 6, 2015 through and including the close of trading on February 3, 2016, is needed in order to balance your claim; purchases/acquisitions during this period, however, are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Claim pursuant to the Plan of Allocation.

| /   / | | $ | $ |
|---|---|---|---|
| /   / | | $ | $ |

**5. ENDING HOLDINGS** – State the total number of shares of LSB Common Stock held as of the close of trading on February 3, 2016.  (Must be documented.)  If none, write "zero" or "0." _____

---

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐
**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL NOT BE REVIEWED**

456609.1 LSB

## PART IV– SCHEDULE OF TRANSACTIONS IN LSB CALL OPTIONS

Complete this Part IV if and only if you purchased/acquired LSB Call Options during the period from November 7, 2014 between and through November 5, 2015.  Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 10, above.  Do not include information in this section regarding securities other than LSB Call Options.

| 1. BEGINNING HOLDINGS – Separately list all positions in LSB Call Option contracts in which you had an open interest as of the opening of trading on November 7, 2014.  (Must be documented.) | | | IF NONE, CHECK HERE ○ |
|---|---|---|---|
| Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Day/Year) | Option Class Symbol | Number of Call Option Contracts in Which You Had an Open Interest |
| $ | /    / | | |
| $ | /    / | | |
| $ | /    / | | |
| $ | /    / | | |

| 2. PURCHASES/ACQUISITIONS DURING THE SETTLEMENT CLASS PERIOD – Separately list each and every purchase/acquisition (including free receipts) of LSB Call Option contracts from after the opening of trading on November 7, 2014, through and including the close of trading on November 5, 2015. (Must be documented.) | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Day/Year) | Option Class Symbol | Number of Call Option Contracts Purchased/ Acquired | Purchase/ Acquisition Price Per Call Option Contract | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Insert an "E" if Exercised  Insert an "X" if Expired | Exercise Date (Month/ Day/ Year) |
| /    / | $ | /    / | | | $ | $ | | /    / |
| /    / | $ | /    / | | | $ | $ | | /    / |
| /    / | $ | /    / | | | $ | $ | | /    / |
| /    / | $ | /    / | | | $ | $ | | /    / |

| 3. SALES DURING THE SETTLEMENT CLASS PERIOD – Separately list each and every sale/disposition (including free deliveries) of LSB Call Options from after the opening of trading on November 7, 2014, through and including the close of trading on November 5, 2015. (Must be documented.) | IF NONE, CHECK HERE ○ |
|---|---|

456609.1 LSB

| Date of Sale (List Chronologically) (Month/Day/Year) | Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Day/Year) | Option Class Symbol | Number of Call Option Contracts Sold | Sale Price Per Call Option Contract | Total Sale Price (excluding taxes, commissions, and fees) |
|---|---|---|---|---|---|---|
| /  / | $ | /  / | | | $ | $ |
| /  / | $ | /  / | | | $ | $ |
| /  / | $ | /  / | | | $ | $ |
| /  / | $ | /  / | | | $ | $ |

**4. ENDING HOLDINGS** – Separately list all positions in LSB Call Option contracts in which you had an open interest as of the close of trading on November 5, 2015.  (Must be documented.)

**IF NONE, CHECK HERE** ◯

| Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Day/Year) | Option Class Symbol | Number of Call Option Contracts in Which You Had an Open Interest |
|---|---|---|---|
| $ | /  / | | |
| $ | /  / | | |
| $ | /  / | | |
| $ | /  / | | |

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS/HOLDINGS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐
**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL NOT BE REVIEWED**

11

## PART V – SCHEDULE OF TRANSACTIONS IN LSB PUT OPTIONS

Complete this Part V if and only if you sold (wrote) LSB Put Options during the period from November 7, 2014 between and through November 5, 2015.  Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 10, above.  Do not include information in this section regarding securities other than LSB Put Options.

| 1. BEGINNING HOLDINGS – Separately list all positions in LSB Put Option contracts in which you had an open interest as of the opening of trading on November 7, 2014. (Must be documented.) | | | IF NONE, CHECK HERE ⭕ |
|---|---|---|---|
| Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/Day/Year) | Option Class Symbol | Number of Put Option Contracts in Which You Had an Open Interest |
| $ | / / | | |
| $ | / / | | |
| $ | / / | | |
| $ | / / | | |

| 2. SALES (WRITING) DURING THE SETTLEMENT CLASS PERIOD – Separately list each and every sale (writing) (including free deliveries) of LSB Put Option contracts from after the opening of trading on November 7, 2014, through and including the close of trading on November 5, 2015. (Must be documented.) | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Date of Sale (Writing) (List Chronologically) (Month/Day/Year) | Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/Day/Year) | Option Class Symbol | Number of Put Option Contracts Sold (Written) | Sale Price Per Put Option Contract | Total Sale Price (excluding taxes, commissions, and fees) | Insert an "E" if Exercised  Insert an "X" if Expired | Exercise Date (Month/Day/Year) |
| / / | $ | / / | | | | $ | | / / |
| / / | $ | / / | | | | $ | | / / |
| / / | $ | / / | | | | $ | | / / |
| / / | $ | / / | | | | $ | | / / |

12

**3.  PURCHASES/ACQUISITIONS DURING THE SETTLEMENT CLASS PERIOD** – Separately list each and every purchase/acquisition (including free receipts) of LSB Put Option contracts from after the opening of trading on November 7, 2014 , through and including the close of trading on November 5, 2015. (Must be documented.)

**IF NONE, CHECK HERE**  ○

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/Day/Year) | Option Class Symbol | Number of Put Option Contracts Purchased/ Acquired | Purchase/ Acquisition Price Per Put Option Contract | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) |
|---|---|---|---|---|---|---|
| /    / | $ | /    / | | | | $ |
| /    / | $ | /    / | | | | $ |
| /    / | $ | /    / | | | | $ |
| /    / | $ | /    / | | | | $ |

**4.  ENDING HOLDINGS** – Separately list all positions in LSB Put Option contracts in which you had an open interest as of the close of trading on November 5, 2015.  (Must be documented.)

**IF NONE, CHECK HERE**  ○

| Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/Day/Year) | Option Class Symbol | Number of Put Option Contracts in Which You Had an Open Interest |
|---|---|---|---|
| $ | /    / | | |
| $ | /    / | | |
| $ | /    / | | |
| $ | /    / | | |

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS/HOLDINGS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐
**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL NOT BE REVIEWED**

13

## PART VI – RELEASE OF CLAIMS AND SIGNATURE

### YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE 15 OF THIS CLAIM FORM.

I (we) hereby acknowledge that as of the Effective Date of the Settlement, pursuant to the terms set forth in the Stipulation, I (we), on behalf of myself (ourselves) and my (our) heirs, executors, administrators, predecessors, successors, affiliates and assigns, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, discharged and dismissed each and every Released Plaintiffs' Claim (as defined in the Stipulation and in the Notice) against the Defendants and the other Defendants' Releasees (as defined in the Stipulation and in the Notice) and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against the Defendants or the other Defendants' Releasees.

## CERTIFICATION

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) certifies (certify), as follows:

      1.    that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

      2.    that the claimant(s) is a (are) Settlement Class Member(s), as defined in the Notice and in paragraph 2 on page 4 of this Claim Form, and is (are) not excluded from the Settlement Class by definition or pursuant to request as set forth in the Notice and in paragraph 3 on page 4 of this Claim Form;

      3.    that I (we) own(ed) the LSB Common Stock and LSB Call Options and had an interest in the LSB Put Options identified in the Claim Form and have not assigned the claim against the Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

      4.    that the claimant(s) has (have) not submitted any other claim covering the same purchases/acquisitions of LSB Common Stock or LSB Call Options, or sales of LSB Put Options, and knows (know) of no other person having done so on the claimant's (claimants') behalf;

      5.    that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

      6.    that I (we) agree to furnish such additional information with respect to this Claim Form as Co-Lead Counsel, the Claims Administrator or the Court may require;

      7.    that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the Court's summary disposition of the determination of the validity or amount of the claim made by this Claim Form;

      8.    that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

14

9.     that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the claimant(s) is (are) exempt from backup withholding or (b) the claimant(s) has (have) not been notified by the IRS that he/she/it is subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the claimant(s) that he/she/it is no longer subject to backup withholding.  **If the IRS has notified the claimant(s) that he, she or it is subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____          _____
Signature of claimant                                                                          Date

_____
Print your name here

_____          _____
Signature of joint claimant, if any                                                     Date

_____
Print your name here

*If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

_____          _____
Signature of person signing on behalf of claimant                        Date

_____
Print your name here

_____
Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, *etc.* (Must provide evidence of authority to act on behalf of claimant – see paragraph 14 on page 6 of this Claim Form.)

15

## REMINDER CHECKLIST:

1. Please sign the above release and certification. If this Claim Form is being made on behalf of joint claimants, then both must sign.

2. Remember to attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

3. Please do not highlight any portion of the Claim Form or any supporting documents.

4. Do not send original security certificates or documentation. These items cannot be returned to you by the Claims Administrator.

5. Keep copies of the completed Claim Form and documentation for your own records.

6. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days. Your claim is not deemed filed until you receive an acknowledgement postcard. **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at (833) 402-1726.**

7. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, please send the Claims Administrator written notification of your new address. If you change your name, please inform the Claims Administrator.

8. If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the address below, by email at info@lsbsecuritieslitigation.com, or toll-free at 833-402-1726, or visit www.LSBSecuritiesLitigation.com. Please DO NOT call LSB or any of the other Defendants or their counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, **POSTMARKED NO LATER THAN _____**, ADDRESSED AS FOLLOWS:

*Wilson v. LSB Industries, Inc. et al.*
c/o JND Legal Administration
P.O. Box 91236
Seattle, WA 98111-9336

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before _____ is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms. Please be patient and notify the Claims Administrator of any change of address.

# EXHIBIT A-3

**Exhibit A-3**

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DENNIS WILSON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>LSB INDUSTRIES, INC., JACK E. GOLSEN, BARRY H. GOLSEN, MARK T. BEHRMAN, TONY M. SHELBY, and HAROLD L. RIEKER, JR.<br><br>Defendants. | Case No. 1:15-cv-07614-RA-GWG |

### SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

**TO:  All persons or entities that purchased or otherwise acquired LSB Common Stock or LSB Call Options, or sold LSB Put Options between November 7, 2014 and November 5, 2015, inclusive (the "Class Period"), and were damaged thereby (the "Settlement Class"):**

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York, that the above-captioned litigation (the "Action") has been certified as a class action on behalf of the Settlement Class, except for certain persons and entities who are excluded from the Settlement Class by definition as set forth in the full Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that Plaintiffs in the Action have reached a proposed settlement of the Action for $18,450,000 in cash (the "Settlement"), that, if approved, will resolve all claims in the Action.

A hearing will be held on _____, 201__ at __:__ _.m., before the Honorable Ronnie Abrams at the United States District Court for the Southern District of New York, United States Courthouse, Courtroom 1506, 40 Foley Square, New York, NY 10007, to determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii)

whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation and Agreement of Settlement dated January 19, 2019 (and in the Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses should be approved.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund.** The Notice and Proof of Claim and Release Form ("Claim Form"), can be downloaded from the website maintained by the Claims Administrator, www.LSBSecuritiesLitigation.com. You may also obtain copies of the Notice and Claim Form by contacting the Claims Administrator at *Wilson v. LSB Industries, Inc. et al.*, c/o JND Legal Administration, P.O. Box 91236, Seattle, WA 98111-9336, 1-833-402-1726.

If you are a member of the Settlement Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form *postmarked* no later than _____, 201__. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received* no later than _____, 201__, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of expenses, must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are *received* no later than _____, 201__, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, LSB, or its counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.**

Requests for the Notice and Claim Form should be made to:

*Wilson v. LSB Industries, Inc. et al.*
c/o JND Legal Administration
P.O. Box 91236
Seattle, WA 98111-9336
833-402-1726
www.LSBSecuritiesLitigation.com

2

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

GLANCY PRONGAY & MURRAY LLP
ATTN: Casey E. Sadler, Esq.
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
(888) 773-9224
settlements@glancylaw.com


By Order of the Court

456517.1 LSB

# EXHIBIT A-4

Exhibit A-4

---

*Wilson v. LSB Industries, Inc. et al.*
c/o JND Legal Administration
P.O. Box 91236
Seattle, WA 98111-9336

[Postage Prepaid]

## COURT-ORDERED LEGAL NOTICE

**Important Notice about a Securities Class
Action Settlement.**

**You may be entitled to a CASH payment.
This Notice may affect your legal rights.
Please read it carefully.**

Name
Address
City, State
Zip

*Wilson v. LSB Industries, Inc. et al.*
Case No. 1:15-cv-07614-RA-GWG (S.D.N.Y.)

---

*THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.
PLEASE VISIT WWW.LSBSECURITIESLITIGATION.COM FOR MORE INFORMATION.*

There has been a proposed Settlement of claims against LSB Industries, Inc. ("LSB") and certain executives and directors of LSB (collectively, the "Defendants"). The Settlement would resolve a lawsuit in which Plaintiffs allege that Defendants disseminated materially false and misleading statements and/or failed to disclose that the Company had not conducted the detailed engineering work necessary to properly calculate the costs of a major construction project and that the project was both over budget and behind schedule in violation of the federal securities laws. Defendants deny any wrongdoing. You received this Postcard Notice because you or someone in your family may have purchased or otherwise acquired LSB Common Stock or LSB Call Options, or sold LSB Put Options between November 7, 2014 and November 5, 2015, inclusive, and been damaged thereby.

Defendants have agreed to pay a Settlement Amount of $18.45 million. The Settlement provides that the Settlement Fund, after deduction of any Court-approved attorneys' fees and expenses, notice and administration costs, and taxes, is to be divided among all Settlement Class Members who submit a valid Claim Form, in exchange for the settlement of this case and the Releases by Settlement Class Members of claims related to this case. **For all details of the Settlement, read the Stipulation and full Notice, available at www.LSBSecuritiesLitigation.com.**

Your share of the Settlement proceeds will depend on the number of valid Claims submitted, and the number, size and timing of your transactions in LSB Securities. If every eligible Settlement Class Member submits a valid Claim Form, the average recovery will be $1.48 per eligible share before expenses and other Court-ordered deductions. Your award will be determined *pro rata* based on the number of claims submitted.  This is further explained in the detailed Notice found on the Settlement website.

**To qualify for payment, you must submit a Claim Form.** The Claim Form can be found on the website www.LSBSecuritiesLitigation.com or will be mailed to you upon request to the Claims Administrator (833-402-1726). **Claim Forms must be postmarked by _____.** If you do not want to be legally bound by the Settlement, you must exclude yourself by _____, or you will not be able to sue the Defendants about the legal claims in this case. If you exclude yourself, you cannot get money from this Settlement. If you want to object to the Settlement, you may file an objection by _____.  The detailed Notice explains how to submit a Claim Form, exclude yourself or object.

The Court will hold a hearing in this case on _____, to consider whether to approve the Settlement and a request by the lawyers representing the Settlement Class for up to 33-1/3% of the Settlement Fund in attorneys' fees, plus actual expenses up to $1,450,000 for litigating the case and negotiating the Settlement, which may include an application for reimbursement of the reasonable costs and expenses (including lost wages) incurred by Plaintiffs directly related to their representation of the Settlement Class. You may attend the hearing and ask to be heard by the Court, but you do not have to. For more information, call toll-free (833-402-1726) or visit the website www.LSBSecuritiesLitigation.com and read the detailed Notice.

456513.1 LSB